891 F.2d 289
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Merton BOND, Plaintiff-Appellant,
v.
Martha Layne COLLINS, Governor, Defendant-Appellee.
 Nos. 89-6029, 89-6134.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1989.
 
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Bond moves for default judgment on appeal from the district court's memorandum and judgment dismissing this civil rights case. 42 U.S.C. § 1983 (1982). The appeals have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Bond's motion for default judgment is not well-taken. A motion for default judgment is proper in the district court under Fed.R.Civ.P. 55. However, the appellate rules do not contain a similar provision. Therefore, the motion for default judgment will be denied.
 
 
 3
 Here the district court filed a memorandum holding that Bond's case lacked merit. Bond then filed a notice of appeal. Subsequently, the district court entered judgment, and Bond filed a new notice of appeal. Under Fed.R.App.P. 4(a)(2), a notice of appeal filed after the announcement of a decision or order but before the entry of the judgment shall be treated as filed after such entry and on the day thereof. Therefore, the notice of appeal in No. 89-6029 gives this court jurisdiction over the case. The appeal in No. 89-6134 is repetitive and will be dismissed for lack of jurisdiction.
 
 
 4
 Bond is a prisoner at the Luther Luckett Correctional Complex in LaGrange, Kentucky. The defendant is the former Governor of Kentucky. In his complaint, Bond alleged that the defendant ordered the special prosecutor and judge in Bond's criminal case to convict him, because the defendant had previously experienced child abuse problems in her own family. (Bond was charged with child abuse.) Bond requested $3,000,000.00 in damages.
 
 
 5
 The district court dismissed the case as frivolous under 28 U.S.C. § 1915(d) (1982). A complaint is frivolous where it lacks an arguable basis in law or in fact. Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989). Examples of the latter are fantastic or delusional scenarios. 109 S.Ct. at 1833. Here Bond made his allegations about the defendant based upon what he heard on a television program. To make allegations on this basis is simply fantastic and does not provide an arguable basis in fact for Bond's case. Therefore, the district court correctly dismissed the complaint.
 
 
 6
 The motion for default judgment is denied. The appeal in No. 89-6134 is dismissed for lack of jurisdiction under Rule 9(b)(1), Rules of the Sixth Circuit. The judgment of the district court in No. 89-6029 is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.